UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHLAND AND HOME MORTGAGE II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS ET AL,<br><br>Defendants. | Case No.: 3:17-cv-00599-GPC-JMA<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT**<br><br>**[ECF No. 1]** |

On March 27, 2017, Defendant Edrei Thomas, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Dkt. No. 1. Having reviewed the notice of removal, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* **REMANDS** the action to state court.

### DISCUSSION

Any action brought in state court may be "removed by the defendant or the defendants" to the district court. See 28 U.S.C. § 1441; see also 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal . . . .").

/ / / /

1

As an initial matter, Edrei Thomas ("Thomas"), though he may be a tenant, is not a named defendant in the state court action. *See* Dkt. No. 1 at 8 ("Verified Complaint for Unlawful Detainer"). Therefore, he cannot remove the action to this Court. But even if Thomas were a proper defendant, he still has not demonstrated that this Court has federal subject matter jurisdiction over the case.

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). The federal court is one of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or statute. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. "The burden of establishing federal jurisdiction is on the party seeking removal." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

A review of the state court complaint in this case shows that Plaintiff Southland Home Mortgage II, LLC, alleges a single cause of action for unlawful detainer under California state law. Dkt. No. 1 at 8. In the notice of removal, Thomas alleges that the Court has jurisdiction pursuant to a federal question because Plaintiff's complaint is related to a pending action in this Court, Case No. 15-cv-02344-GPC-JMA, where the original owner of the property at issue is challenging the foreclosure of her residence pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Real Estate Settlement Procedures Act and the Truth in Lending Act. See Dkt. No. 1 at 2-3; see also Case No. No. 15-cv-02344-GPC-JMA, Dkt. No. 1 at ¶ 8.

Thomas' reliance on a related case in this Court — namely No. 15-cv-02344 — to support subject matter jurisdiction suggests that he may be relying on the court's supplemental jurisdiction; however, a "removal petition . . . may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction." Pacific Bell v. Covad Commc'ns Co., 1999 WL 390840, at *3 (N.D. Cal. June 8, 1999) (quoting Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)). Therefore, Thomas' reason for removal cannot support federal subject matter jurisdiction. See Sato v. Wachovia Mort., FSB, 2011 WL 2784567, at *12 (N.D. Cal. July 13, 2011) ("any relationship between the unlawful detainer action and the wrongful foreclosure case is irrelevant for purposes of removal."); Waadhwa v. Aurora Loan Servs., LLC, 2011 WL 308416, at *1 (E.D. Cal. Jan. 27, 2011) (unlawful detainer

action does not raise a federal question even though it was filed because of a related federal case concerning the loan and foreclosure).

Thomas' assertion of federal subject matter jurisdiction is without merit and it does not appear that jurisdiction rests on diversity of citizenship as the amount in controversy in the state court complaint does not exceed $10,000. *See* Dkt. No. 1 at 8 ("Verified Complaint for Unlawful Detainer"). Thomas, therefore, has not established a basis for this Court's subject matter jurisdiction and the Court must remand the case. 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the above, the Court *sua sponte* **REMANDS** the action to the Superior Court of the State of California for San Diego County. The Court also **DENIES** Defendant's emergency motion for writ and Plaintiff's Motion to Dismiss for Lack of Jurisdiction as moot. Dkt. No. 3 & 4.

**IT IS SO ORDERED.**

Dated: April 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge